# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOLECULAR DIAGNOSTICS LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>HOFFMANN-LA ROCHE INC., ROCHE MOLECULAR SYSTEMS, INC., ROCHE DIAGNOSTICS CORPORATION, PE CORPORATION, PE BIOSYSTEMS GROUP, THE PERKIN-ELMER CORPORATION, PE APPLIED BIOSYSTEMS, and APPLERA CORPORATION,<br><br>Defendants. | Civil Action  No. 1:04CV01649 (HHK)<br><br>CLASS ACTION |

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, "Agreement") is made and entered into as of the

26th day of September, 2008, by and between Defendants Hoffmann-La Roche, Inc., Roche

Molecular Systems, Inc., and Roche Diagnostics Corporation (collectively "Roche"), Defendants

PE Corporation, PE Biosystems Group, The Perkin-Elmer Corporation, PE Applied Biosystems,

and Applera Corporation (now known as Applied Biosystems Inc.) (collectively "Applera"), and

named Plaintiff Molecular Diagnostics Laboratories, individually, and on behalf of the certified

Class defined below (named Plaintiff and the Class will be collectively referred to as "Class

Plaintiffs") in the above-captioned class action (the "Class Action").

WHEREAS, Class Plaintiffs have alleged, among other things, that Defendants violated

Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 & 2, by monopolizing, and

combining and conspiring to monopolize, the market for *Taq* (as defined below), through, among

other means, enforcement of U.S. Patent No. 4,889,818 (the "'818 Patent"), which Class

Plaintiffs have alleged was improperly procured through misrepresentations and omissions before the United States Patent & Trademark Office; and Class Plaintiffs allege that these acts caused them to incur significant damages;

WHEREAS, Defendants have asserted a number of defenses to Class Plaintiffs' claims, including that they did not engage in any unlawful conduct; and Defendants also deny that, even if the alleged conduct occurred, it caused Class any harm;

WHEREAS, Class Plaintiffs and Defendants agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Class Action;

WHEREAS, arm's length settlement negotiations have taken place between Defendants and Class Plaintiffs' Co-Lead Counsel (as defined below), and this Agreement, including its exhibits, which embodies all of the terms and conditions of the settlement between Defendants and Class Plaintiffs, has been reached subject to the approval of the Court and Final Approval as provided herein and is intended to supersede any prior agreements between the parties;

WHEREAS, Class Plaintiffs' Co-Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including the claims asserted in the Revised First Amended Class Action Complaint filed in the Class Action, the legal and factual defenses thereto, and the applicable law, that it would be in the best interests of Class Plaintiffs to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for Class Plaintiffs and, further, that Class Plaintiffs' Co-Lead Counsel consider the settlement set forth herein to be fair, reasonable, and adequate and in Class Plaintiffs' best interests; and

WHEREAS, Defendants, despite their belief that they are not liable for the claims asserted against them in the Class Action and that they have good defenses thereto, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy and avoid the risks inherent in complex litigation;

NOW, THEREFORE, it is agreed by and between the undersigned on behalf of Defendants and Class Plaintiffs, that the Class Action and all Class Plaintiffs' claims be settled, compromised, and dismissed on the merits and with prejudice and, except as hereinafter provided, without costs as to Class Plaintiffs or Defendants, subject to the approval of the Court, on the following terms and conditions:

1.  **Definitions.** As used in this Agreement, the following terms shall be defined as indicated:

(a)  "Claims Administrator" means Complete Claims Solutions, LLC.

(b)  "Class" means the class that was certified in the Class Action by this Court's July 5, 2006 Order and defined as:

> All persons or entities who purchased the *Taq* products listed on Exhibit A directly from Defendants during the period of September 23, 2000 to the present. Excluded from the class are Defendants, their officers, directors, management, employees, subsidiaries, or affiliates, and the federal government.

(c)  "Class Action" means *Molecular Diagnostics Laboratories v. Hoffmann-La Roche, Inc., et al.*, Civil Action No. 1:04CV01649 (D.D.C.) (HHK).

(d)  "Class Counsel" means (i) Cohen, Milstein, Hausfeld & Toll, P.L.L.C. and Boies, Schiller & Flexner LLP, which were designated to serve as Class Counsel by this Court's July 5, 2006 Order; and (ii) those attorneys or law

firms that receive any portion of the attorneys' fee awarded by the Court in connection with this Settlement.

(e)     "Class Member" means any person or entity falling within the definition of the Class defined in Paragraph 1 hereof that has not timely and validly excluded itself from the Class in accordance with the procedure established by the Court or has not been permitted a late exclusion by the Court's October 25, 2007 Order.

(f)     "Class Plaintiffs" means named Plaintiff and Class representative Molecular Diagnostics Laboratories and all members of the certified Class.

(g)     "Class Plaintiffs' Co-Lead Counsel" means Cohen, Milstein, Hausfeld & Toll, P.L.L.C. and Boies, Schiller & Flexner LLP.

(h)     "Class Representative" means named Plaintiff Molecular Diagnostics Laboratories.

(i)     "Court" means Judge Henry H. Kennedy, Jr. of the United States District Court for the District of Columbia.

(j)     "Defendants" means Hoffmann-La Roche, Inc., Roche Molecular Systems, Inc., Roche Diagnostics Corporation, PE Corporation, PE Biosystems Group, The Perkin-Elmer Corporation, PE Applied Biosystems, and Applera Corporation (now known as Applied Biosystems Inc.).

(k)     "Escrow Account" means the account established pursuant to Paragraph 6 herein.

(l)    "Execution Date" means the date this Settlement Agreement is executed by all parties.

(m)    "Final Approval" means the first date upon which each of the following three conditions shall have been satisfied:

    (i)    The Settlement has been approved in all respects by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

    (ii)    Entry has been made, as provided in Paragraph 5 hereof, of the final judgment of dismissal in substantially the form of Exhibit F hereto; and

    (iii)    Either (a) the time to appeal, or to seek permission to appeal, the Court's approval of the Settlement as described in Paragraph 1(m)(i) hereof and entry of final judgment as described in Paragraph 1(m)(ii) hereof has expired with no appeal having been taken or permission to appeal having been sought; or (b) such approval and final judgment have been affirmed in their entirety by the court of last resort to which any appeal has been taken or petition for review has been presented and either dismissed, denied, or otherwise disposed of such that affirmance has become no longer subject to the possibility of further appeal or review.

(n)    "Judgment" means the Court's order approving the terms of the Settlement and dismissing the Class Action with prejudice as to Defendants in substantially the form of Exhibit F hereto.

(o)    "Released Claims" shall have the meaning set forth in Paragraph 13 hereof.

(p)    "Released Parties" means Defendants and their direct and indirect parents, subsidiaries, and affiliates, and their respective present and former officers, directors, employees, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by, or under common control (*i.e.*, controlled by a common entity) with a Released Party.

(q)    "Releasing Parties" means each Class Member on its own behalf and on behalf of its respective direct and indirect parents, subsidiaries and affiliates, their present and former officers, directors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by, or under common control (*i.e.*, controlled by a common entity) with a Releasing Party.

(r)    "Settlement" means the settlement of the Released Claims set forth herein.

(s)    "Settlement Fund" means the payment made by Defendants pursuant to Paragraph 6 herein, including any interest accrued on such payment after it is made by Defendants.

(t)     "Settlement Hearing" shall have the meaning set forth in Paragraph 4 hereof.

(u)     "*Taq*" means a DNA polymerase derived from the *Thermus aquaticus* organism used in applications including genetic research and the diagnosis and treatment of diseases.

(v)     "United States" means the United States of America and its territories and possessions.

2.      **Reasonable Best Efforts to Effectuate This Settlement**.  Class Plaintiffs' Co-Lead Counsel and Counsel for Defendants agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Agreement.

3.      **Motion for Preliminary Approval**.  No later than thirty (30) days after execution of this Agreement, Class Plaintiffs' Co-Lead Counsel shall submit to the Court a motion for preliminary approval of the Settlement and for a stay of all proceedings in the Class Action against the Defendants until the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters the final judgment.  The motion shall include (a) the proposed form of order preliminarily approving this Agreement substantially in the form of Exhibit B hereto, (b) the proposed form of mail notice (with proposed form of Claim Form) and publication notice of the Settlement to Class Members substantially in the form of Exhibits C, D, and E hereto; and (c) the proposed form of order and final judgment substantially in the form of Exhibit F hereto.  The parties hereto shall request that a decision be made promptly on

the papers or that a hearing on Class Plaintiffs' motion for preliminary approval of the Settlement be held at the earliest date available to the Court.

4.    **Notice to Class**. In the event the Court preliminarily approves the Settlement, Class Plaintiffs' Co-Lead Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's order, provide those Class Members who have been identified by reasonable means with notice by first class mail of the date of the hearing scheduled by the Court to consider the fairness, adequacy, and reasonableness of the proposed Settlement (the "Settlement Hearing"). Such notice, substantially in the form of Exhibit C hereto, shall also include the general terms of the Settlement set forth in the Settlement Agreement, the anticipated general terms of the plan for distribution of settlement proceeds ("Distribution Plan") that will be presented to the Court, a Court-approved Claim Form substantially in the form of Exhibit D hereto, the general terms of the anticipated Fee and Expense Application (as defined in Paragraph 12 below), and a description of Class Members' rights to object to the Settlement and/or appear at the Settlement Hearing.

Class Plaintiffs shall take all necessary and appropriate steps to ensure that notice of the Settlement Hearing is provided in accordance with the order of the Court. Notice of the Settlement Hearing shall also be given by publication substantially in the form attached hereto as Exhibit E once in *Science* and once in *Nature*, as soon after preliminary approval by the Court of the Settlement as is reasonably practicable. Notice shall also be given by publication on a website maintained by the Claims Administrator.

In no event shall Defendants be responsible for giving notice of this Settlement to Class Members, or for any of the cost or expense associated with such notice, except as provided in Paragraph 17 below.

5.    **Motion for Final Approval and Entry of Final Judgment.**  No later than 90 days following the entry of the Court's order granting preliminary approval and at least fourteen (14) days before the Settlement Hearing, Class Plaintiffs' Co-Lead Counsel shall submit a motion for final approval of the Settlement by the Court, after notice to the Class Members of the Settlement Hearing, pursuant to Paragraph 4 above.  If the Court preliminarily approves the Settlement, the parties hereto shall jointly seek entry of an order and final judgment, in substantially the form attached hereto as Exhibit F.  This proposed order shall do the following:

(a)    fully and finally approve the Settlement contemplated by this Agreement and its terms as being a fair, reasonable, and adequate settlement within the meaning of Rule 23 of the Federal Rules of Civil Procedure and direct its consummation pursuant to its terms and conditions;

(b)    direct that the Class Action be dismissed with prejudice as to Defendants and, except as provided for herein, without costs;

(c)    discharge and release the Released Parties from all Released Claims;

(d)    reserve continuing and exclusive jurisdiction over the Settlement, including its administration; and

(e)    determine pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal of the Class Action as to Defendants shall be final and appealable.

At least fourteen (14) days prior to the Settlement Hearing, Class Counsel will also file a motion requesting that the Court approve the proposed Distribution Plan and application for attorneys' fees, reimbursement of expenses, and an incentive award payment to the Plaintiff

Class Representative (as defined in Paragraph 12 below), for consideration of these matters at the Settlement Hearing.

6.    **Settlement Consideration.**   Subject to the provisions hereof, and in full, complete, and final settlement of the Class Action, Defendants shall pay, pursuant to the terms of the Escrow Agreement attached hereto as Exhibit G, by wire transfer the sum of thirty-three million dollars ($33,000,000) in cash, within ten (10) business days after the Execution Date, into an escrow account (the "Settlement Fund"), established solely for the purposes of effectuating this Agreement and held and administered by an escrow agent to be selected by Class Plaintiffs' Co-Lead Counsel. These funds shall not be co-mingled with any other funds. These funds may be invested at the direction of Class Plaintiffs' Co-Lead Counsel in United States Treasury bills, Treasury Notes, or other instruments insured or guaranteed by the full faith and credit of the United States, and any interest earned thereon shall become part of the Settlement Fund. Upon Final Approval of the Agreement, attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved award to named Plaintiff Molecular Diagnostics Laboratories for acting as Class Representative, and payment of any and all administrative and notice expenses associated with this litigation or settlement, shall be paid from the Settlement Fund. Defendants will have no role in approving any disbursement or distribution from the Settlement Fund.

7.    **Qualified Settlement Fund.**   The Escrow Account is intended by the parties hereto to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and to that end the parties hereto shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of Defendants, a "relation back election" as described in Treas. Reg.

§ 1.468B-1(j) shall be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the parties hereto shall take all actions as may be necessary or appropriate to this end. The Claims Administrator previously approved by the Court in this litigation shall pay taxes or estimated taxes on any income earned on the funds in the Escrow Account and all related costs and expenses from the Escrow Account, after approval by the Court and whether or not Final Approval has occurred.

8. **Exclusion From the Class.** On November 3, 2006, Class Plaintiffs' Co-Lead Counsel filed with the Court a Report on Notice of Class Certification and accompanying Affidavit of Charlene Young ("Young Affidavit"). Exhibit 3 to the Young Affidavit included a list of those entities that submitted a verified and timely Request for Exclusion from the Class to the Claims Administrator. Two additional entities were permitted late exclusions by the Court's October 25, 2007 Order. Collectively, these entities consist of those Class Members who have excluded themselves from the Class.

9. **All Claims Satisfied by Settlement Fund.** Each Class Member shall look solely to the Settlement Fund for settlement and satisfaction of all claims against Released Parties that are released hereunder. Except as provided by order of the Court pursuant to this Agreement, no Class Member shall have any interest in the Settlement Fund or any portion thereof.

10. **Payment of Expenses.** Defendants shall not be liable for any of the costs or expenses of the litigation of the Class Action, including without limitation attorneys' fees, fees and expenses associated with the provision of notice to the Class Members, fees or expenses of Plaintiff, expert witnesses, consultants, advisors, agents, and representatives, and costs and expenses associated with discovery, motion practice, or hearings before the Court, except as

provided in Paragraph 17 below.   After Final Approval, all such costs and expenses as are approved by the Court shall be paid out of the Settlement Fund.

11.   **Supervision and Distribution of Settlement Funds**.  Prior to Final Approval: (i) disbursements for the costs and expenses of notice, distribution, and administration of the Settlement Fund may be made from the Settlement Fund; (ii) the Claims Administrator may withdraw funds from the Settlement Fund for payment of taxes and tax-related expenses; and (iii) the Escrow Agent may withdraw funds from the Settlement Fund for payment of its fees or its costs or expenses, upon ten (10) days advance notice, in writing, to the Settling Parties.  In the event that the Settlement Agreement shall terminate or be canceled or shall not become effective for any reason, Class Counsel is not obligated to refund the amount(s) withdrawn from the Settlement Fund pursuant to this Paragraph.

Following Final Approval, the Settlement Fund shall be distributed to Class Members substantially in accordance with the Distribution Plan approved by the Court, after deduction of the items specified in Paragraph 12 below.   The Claims Administrator, subject to such supervision and direction of Class Plaintiffs' Co-Lead Counsel as may be necessary or as circumstances may require, shall oversee the distribution of the Settlement Fund (defined in Paragraph 6 above) substantially in accordance with the Distribution Plan approved by the Court, including calculating the amount to be allocated to each Class Member.

Defendants shall have no liability or responsibility for any costs with respect to disbursements from or administration of the Settlement Fund.

No Person shall have any claim against Class Counsel or the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement Agreement and the Settlement contained herein, the Distribution

Plan, or further orders of the Court.  No Person shall have any claim against Defendants or Counsel for Defendants or any Class Member based on (a) any distributions whatsoever made, or not made, in connection with the Settlement or (b) the implementation of the Distribution Plan in connection with the Settlement.

It is understood and agreed by the Settling Parties that any proposed Distribution Plan is not a part of the Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Settlement Agreement, and any order or proceedings relating to the Distribution Plan shall not operate to terminate or cancel the Settlement Agreement or affect the finality of the Court's Judgment approving the Settlement Agreement and the Settlement set forth herein, or any other orders entered pursuant to the Settlement Agreement.

12.     **Attorneys' Fees, Reimbursement of Expenses, and Named Plaintiff Incentive Award.**  Class Counsel intend to seek, solely from the Settlement Fund: (a) attorneys' fees in an amount of up to one-third of the Settlement Fund (plus interest thereon); (b) reimbursement of reasonable costs and expenses incurred in the prosecution of the Class Action; and (c) an incentive award payment to the Plaintiff Class Representative of $40,000.  Defendants agree to take no position with respect to the application by Class Counsel for the attorneys' fees, expense payments, and incentive award set forth above.  Defendants agree that any attorneys' fees and expenses awarded by the Court shall be disbursed only to Class Plaintiffs' Co-Lead Counsel for allocation among all Class Counsel which participated in this litigation.  Defendants agree, subject to any order of the Court, that Class Counsel will be paid from the Settlement Fund approved attorneys' fees and expenses and the Plaintiff Class Representative will be paid any incentive award within five (5) business days after entry of the Court's order finally approving

the settlement and awarding attorneys' fees and expenses. Disbursement of Class Counsel's attorneys' fees shall not be delayed by reason of any appeal of the final judgment. However, if a final judgment by the Court approving the settlement is reversed on appeal, Class Plaintiffs' Co-Lead Counsel shall within five (5) business days after receiving written notice from Counsel for Defendants, cause a refund to be made to the Settlement Fund in the amount of the disbursement paid to Class Counsel.

13.     **Releases.**  In addition to the effect of any final judgment entered in accordance with this Agreement, in the event that the Court gives Final Approval to this Agreement, the Released Parties are and shall be unconditionally, fully, and finally released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, and liabilities of any nature whatsoever, including without limitation costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, that the Releasing Parties, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct, prior to the Execution Date, that (i) concerns the purchase of *Taq* products listed on Exhibit A to the Settlement Agreement from Defendants or (ii) relates to any conduct alleged in the Class Action including, without limitation any such claims that have been asserted or could have been asserted in the Class Action against the Released Parties or any of them, except as reserved below in Paragraph 15. The claims covered by the foregoing release are referred to herein collectively as the "Released Claims." Each Class Member hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, on any of the Released Claims. In the event that such Class Members commence or continue any such

14

action the Released Parties shall be entitled to seek an order from the Court enjoining continuation of such action, and such Class Members agree that they will not oppose entry of such an order.  In the event a party breaches the covenant not to sue as set forth in this Paragraph, the breaching party shall be liable for all damages incurred by the other party, including without limitation compensatory damages as well as attorneys' fees and costs.

14. **Waiver of Rights**.  In addition to the provisions of Paragraph 13, each Class Member hereby expressly agrees that, upon Final Approval, it waives and releases with respect to the Released Claims, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by (a) § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any similar state, federal, or other law, rule or regulation or principle of common law. Each Releasing Party may hereafter discover facts other than or different from those that the Releasing Party knows or believes to be true with respect to the subject matter of the Released Claims, but each Releasing Party hereby expressly agrees that, upon Final Approval, it shall have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts.

15. **Reservation of Claims**.  The releases set forth in Paragraphs 13 and 14 hereof shall not release any claims Class Members may have against persons or entities other than the Released Parties and shall not release any claims arising in the ordinary course of business

between Class Members and the Released Parties concerning product liability, breach of contract, breach of warranty, or personal injury.

16.     **Effect of Disapproval.** If the Court declines to finally approve this Settlement Agreement, or if such approval is set aside on appeal or materially modified, or if the Court does not enter the final judgment in substantially the form provided for in Paragraph 5, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed or is affirmed with material modification, then this Settlement Agreement shall be terminated upon the election of any Defendant or Class Plaintiffs' Co-Lead Counsel. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund, or the amount of any incentive award to the Plaintiff Class Representative, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such final judgment and shall not give rise to any right of termination.

17.     **Termination.** If this Agreement is canceled or terminated as set forth above in Paragraph 16, then the Settlement Fund (including any and all income earned thereon, net of federal taxes paid or due to be paid on the Fund by the Escrow Agent) shall be returned to Defendants, less any amounts withdrawn pursuant to Paragraph 11. If this Agreement is canceled or terminated and the deadline to file any summary judgment papers has passed, then the parties shall agree on a reasonable schedule of new deadlines for all such exchanges and filings. The parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Agreement.

18.     **Consent to Jurisdiction.** Defendants and each Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action,

proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement and its exhibits. Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of Paragraphs 13 or 14 hereof, including but not limited to any suit, action, or proceeding in which the provisions of Paragraphs 13 or 14 hereof are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a suit, action or proceeding arising out of or relating to this Agreement and its exhibits. In the event the provisions of Paragraphs 13 or 14 hereof are asserted by any Released Party as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action, or proceeding, it is hereby agreed that such Released Party shall be entitled to a stay of that suit, action or proceeding until the Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions. Solely for purposes of such suit, action or proceeding, to the fullest extent that they may effectively do so under applicable law, the Class Members and Defendants irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than enforcement of this Agreement.

19.  **Resolution of Disputes: Retention of Jurisdiction**. Any disputes between or among Defendants and any Class Member or Members concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Agreement.

17

20. **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns and shareholders (in their capacity as shareholders) of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiff and Class Counsel shall be binding upon all Class Members.

21. **Authorization to Enter Settlement Agreement.** The undersigned representatives of Defendants represent that they are fully authorized to enter into and to execute this Agreement on behalf of Defendants. Class Plaintiffs' Co-Lead Counsel represent that they are fully authorized to conduct settlement negotiations with defense counsel on behalf of Plaintiff, the Class and Class Counsel and to enter into, and to execute, this Agreement on behalf of Plaintiff, the Class and Class Counsel, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).

22. **Notices.** All notices under this Agreement shall be in writing. Each such notice shall be given either by (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; (c) overnight courier; or (d) facsimile and first class mail, postage pre-paid and, in the case of either (a), (b), (c) or (d) shall be addressed, if directed to any Class Member, to Class Plaintiffs' Co-Lead Counsel at their addresses set forth on the signature pages hereof, and if directed to Defendants, to its attorneys at the addresses set forth on the signature pages hereof or such other address as Class Plaintiffs' Co-Lead Counsel or Defendants may designate, from time to time, by giving notice to all parties hereto in the manner described in this Paragraph.

23. **No Admission and Confidentiality.** Whether or not this Agreement becomes final or is terminated pursuant to Paragraphs 16 and 17 hereof, the parties expressly agree that this Agreement and its contents, including its exhibits, and any and all statements, negotiations,

documents, and discussions associated with it, shall not be deemed or construed to be an admission or concession or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants or of the truth of any of the claims or allegations contained in the complaint in the Class Action or in any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Class Action or in any other action or proceeding. The parties and their counsel shall keep confidential the terms of this Settlement Agreement until the filing of the motion for preliminary approval pursuant to Paragraph 3 hereof. Further, any confidential information imparted to Class Counsel in connection with this Agreement shall be kept confidential and shall not be disclosed to any persons other than Class Counsel either before or after such filing. Should Class Counsel determine that public disclosure or disclosure to other parties of such confidential information is required by Court Order, Class Counsel shall provide reasonable notice to Counsel for Defendants and shall join with Defendants, at Defendants' option, in seeking a superseding Court order preventing such disclosure.

Notwithstanding anything herein to the contrary and except as reasonably necessary to comply with any applicable federal and state securities laws, Defendants and the Class (and each of their employees, representatives, or other agents) may disclose to any and all persons, without limitation of any kind, the U.S. federal and state income tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to a party relating to such U.S. federal and state income tax treatment and tax structure. For this purpose, "tax structure" is any fact that may be relevant to understanding the U.S. federal or state income tax treatment of the transaction.

24.    **No Conflict Intended**.  Any inconsistency between this Agreement and the exhibits attached hereto shall be resolved in favor of this Agreement.  The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

25.    **No Party Is the Drafter**.  None of the parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

26.    **Choice of Law**.  All terms of this Agreement and the exhibits hereto shall be governed by and interpreted according to the substantive laws of the District of Columbia without regard to its choice of law or conflict of laws principles.

27.    **Amendment; Waiver**.  This Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

28.    **Execution in Counterparts**.  This Agreement may be executed in counterparts. Facsimile signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the Court.

29.    **Integrated Agreement**.  This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the parties hereto.

30.   **Construction**.   This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the Released Parties.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the 26th day of September, 2008.

CLASS PLAINTIFFS' CO-LEAD COUNSEL,
on behalf of Plaintiff individually, on behalf of the
Class, and on behalf of Class Counsel

By: *Michael D. Hausfeld /BAR*
      Michael D. Hausfeld
      Brian A. Ratner
      COHEN, MILSTEIN, HAUSFELD
        & TOLL, P.L.L.C.
      1100 New York Avenue, N.W.
      West Tower, Suite 500
      Washington, D.C.  20005
      Tel: (202) 408-4600
      Fax: (202) 408-4699

By: _____
      William A. Isaacson
      Scott E. Gant
      BOIES, SCHILLER & FLEXNER LLP
      5301 Wisconsin Avenue, N.W., Suite 800
      Washington, D.C.  20015
      Tel: (202) 237-2727
      Fax: (202) 237-6131

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the 26th day of September, 2008.

CLASS PLAINTIFFS' CO-LEAD COUNSEL,
on behalf of Plaintiff individually, on behalf of the
Class, and on behalf of Class Counsel

By: _____

      Michael D. Hausfeld
      Brian A. Ratner
      COHEN, MILSTEIN, HAUSFELD
        & TOLL, P.L.L.C.
      1100 New York Avenue, N.W.
      West Tower, Suite 500
      Washington, D.C.  20005
      Tel: (202) 408-4600
      Fax: (202) 408-4699

By: _____

      William A. Isaacson
      Scott E. Gant
      BOIES, SCHILLER & FLEXNER LLP
      5301 Wisconsin Avenue, N.W., Suite 800
      Washington, D.C.  20015
      Tel: (202) 237-2727
      Fax: (202) 237-6131

ARNOLD & PORTER LLP

By: _____
   Asim Varma
   Arnold & Porter LLP
   555 Twelfth Street, N.W.
   Washington, D.C.  20004
   Tel: (202) 942-5180
   Fax: (202) 942-5999


Counsel for Hoffmann-La Roche Inc.,
Roche Molecular Systems, Inc., and Roche Diagnostics
Corporation


WEIL, GOTSHAL & MANGES LLP


By: _____
   David J. Lender
   Weil, Gotshal & Manges LLP
   767 Fifth Avenue
   New York, NY 10153
   Tel: (212) 310-8153
   Fax: (212) 310-8007


Counsel for PE Corporation, PE Biosystems Group,
The Perkin-Elmer Corporation, PE Applied Biosystems,
and Applera Corporation (now known as Applied
Biosystems Inc.)

ARNOLD & PORTER LLP

By: _____
      Asim Varma
      Arnold & Porter LLP
      555 Twelfth Street, N.W.
      Washington, D.C.  20004
      Tel: (202) 942-5180
      Fax: (202) 942-5999

Counsel for Hoffmann-La Roche Inc.,
Roche Molecular Systems, Inc., and Roche Diagnostics
Corporation

WEIL, GOTSHAL & MANGES LLP

By: _____
      David J. Lender
      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, NY 10153
      Tel: (212) 310-8153
      Fax: (212) 310-8007

Counsel for PE Corporation, PE Biosystems Group,
The Perkin-Elmer Corporation, PE Applied Biosystems,
and Applera Corporation (now known as Applied
Biosystems Inc.)

23